**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 22 2018

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWARD NOLAN NORWOOD, a.k.a. Polo,

Petitioner-Appellant,

v.

RICHARD IVES,

Respondent-Appellee.

No.     17-35908

D.C. No. 3:17-cv-00733-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Federal prisoner Edward Norwood appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas petition.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a district court's denial of a section

2241 habeas petition, *see Bowen v. Hood*, 202 F.3d 1211, 1218 (9th Cir. 2000), and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we affirm.

Norwood argues that he is entitled to credit toward his federal sentence for the time spent in custody between April 17, 2014, and October 30, 2015. Under 18 U.S.C. § 3585(b), a defendant cannot receive "double credit"—that is, credit going towards two separate sentences—for time spent in presentence custody. *See United States v. Wilson*, 503 U.S. 329, 337 (1992). Because the record reflects that the state of California credited this time towards Norwood's prior state sentence, he is not entitled to credit this period towards his federal sentence. *See* 18 U.S.C. § 3585(b).

**AFFIRMED.**